IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANESSA REED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2153-X-BN |
| | § | |
| ROBERT WILKIE, Secretary, | § | |
| Department of Veteran Affairs Agency, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Vanessa Reed brings this *pro se* action for wrongful termination against the U.S. Secretary of Veterans Affairs (the "VA"). *See* Dkt. No. 3. Her action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

The Initial Scheduling Order [Dkt. No. 28], imposed under Federal Rule of Civil Procedure 16(b), set March 24, 2020 as the deadline to join parties and amend pleadings. *See* Dkt. No. 28, ¶¶ 2, 3. Amended pleadings were not filed by that day. But, on August 21, 2020, both the VA and Reed timely moved for summary judgment, *see* Dkt. Nos. 34, 35, 36, 37, & 41, and briefing on their motions is now complete, *see* Dkt. Nos. 38, 42, 45, 46, 47, 48, & 50.

On October 28, 2020, the same day that she filed a reply in support of her summary judgment motion, *see* Dkt. No. 50, thus closing briefing on the dispositive motions, Reed moved for leave to amend her complaint, "alleging for the first time a

claim for willful violation of disability discrimination by the VA" and explaining, in part, that, "[w]ithout amendment, [she] has no legal basis or case law to support her claims and proceed in favor for summary judgment" and that she "is evolving and discovering the law as she continues to represent herself in this case." Dkt. No. 49.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion for leave to amend the complaint.

## Legal Standards

"District courts must have the power to control their dockets by holding litigants to a schedule." *Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019) (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997)). Indeed, district court are empowered "to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co.*, 110 F.3d at 258 (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992)). To facilitate this, "[t]he Federal Rules of Civil Procedure state that a pretrial schedule may be modified 'only for good cause.'" *Shepherd*, 920 F.3d at 287 (quoting FED. R. CIV. P. 16(b)(4)).

To meet this standard, parties must show that, despite their diligence, they could not reasonably have met the deadline in the scheduling order. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines

cannot reasonably be met despite the diligence of the party needing the extension." (internal quotation marks omitted)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)); *cf., e.g.*, *Puig v. Citibank, N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline.").

In exercising its authority to determine whether to modify a scheduling order for good cause under Federal Rule of Civil Procedure 16(b)(4), the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co.*, 110 F.3d at 257 (quoting, in turn, *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990))).

While "[t]he court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side,'" *Harrison v. Wells Fargo Bank*, No. 3:13-cv-4682-D, 2016 WL 3612124, at *2 (N.D. Tex. July 6, 2016) (quoting *EEOC v. Serv. Temps, Inc.*, No. 3:08-cv-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009)), "[t]he absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate

'good cause,'" *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted).

## Analysis

Now, more than seven months after the deadline to seek leave to amend set by the Rule 16(b) scheduling order, and "[c]onsidering the good cause standard holistically," *Warner v. Lear Corp.*, No. 3:15-cv-1878-D, 2017 WL 930829, at *3 (N.D. Tex. Mar. 9, 2017), Reed has not shown that the Court should allow her leave to amend her complaint.

First, examination of Reed's proposed amended complaint – three paragraphs of allegations plus seven pages of attachments, *see* Dkt. No. 49 at 8-15 – does not reveal that the new theory that she seeks to advance has any merit, *see Filgueira v. U.S. Nat'l Ass'n*, 734 F.3d 420, 423-24 (5th Cir. 2013) (per curiam) ("With regard to the third and fourth factors, the district court found that allowing an amendment would unduly prejudice the Defendants by 'allowing Filgueira to "lay behind the log" and then raise wholly new causes of action after the deadline for amending pleadings had passed.' We agree. Filgueira's attempt to bring a host of meritless claims by way of amendment would cause the Defendants great expense and extend the litigation needlessly. Furthermore, a continuance would not avoid the inevitable prejudice to the Defendants should Filgueira be allowed to amend.").

And, while Reed argues that the VA will not be prejudiced because, she argues, it will not need to obtain discovery to defend against her new theory, *see* Dkt. No. 49 at 5-6, she fails to show that this cursory assertion is supported by the record, *cf.*

*Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-cv-2085-BN, 2017 WL 6406619, at *5-*6 (N.D. Tex. Dec. 15, 2017) (in concluding that the plaintiff failed to show good cause under Rule 16(b)(4) to amend her complaint to plead a new, distinct claim late in the game, finding first that "[t]he record does not support a finding that [the defendant] was on notice of this distinct claim or knew that it should seek whatever discovery it believes that it needs to defend it, and [the plaintiff's] assertions to the contrary do not change that").

Reed also has failed to offer an explanation – other than that she is proceeding *pro se* – why she could not have advanced her new theory by the deadline set by the scheduling order. *See Warner*, 2017 WL 930829, at *3 (denying a *pro se* plaintiff's motion to reopen discovery after his counsel withdrew, in the final month of the discovery period, where the *pro se* litigant offered no other "explanation for his failure to complete discovery"). Quite simply, the applicable good cause standard cannot be met absent a showing of diligence. *See S&W Enters.*, 315 F.3d at 535; *Squyres*, 782 F.3d at 237; *Sosa*, 133 F.3d at 1418; *Puig*, 514 F. App'x at 488; *cf.* Dkt. No. 28 (Initial Scheduling Order), ¶ 1 ("Because Plaintiff is a *pro se* litigant, the Court may hold Plaintiff's filings to a less stringent standard than papers drafted and filed by an attorney. But this is Plaintiff's lawsuit, and, ultimately, Plaintiff must prove an entitlement to relief.").

## Recommendation

The Court should deny Plaintiff Vanessa Reed's motion for leave to amend her complaint [Dkt. No. 49].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 30, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE