IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANESSA REED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2153-X-BN |
| | § | |
| DAT P. TRAN, Acting Secretary, | § | |
| U.S. Department of Veterans Affairs, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Vanessa Reed, paying the filing fee to do so, has brought this *pro se*

employment-related action against the U.S. Secretary of Veterans Affairs (the VA).

*See* Dkt. No. 3.

United States District Judge Brantley Starr referred Reed's case to the

undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

The VA answered. *See* Dkt. No. 14. After the parties participated in discovery

and an unsuccessful settlement conference, *see* Dkt. Nos. 17, 18, 25, 28, 29, & 33, both

sides moved for summary judgment, *see* Dkt. Nos. 34, 35, 36, 37, & 41, and briefing

on their motions is now complete, *see* Dkt. Nos. 38, 42, 45, 46, 47, 48, & 50; *see also*

*Reed v. Wilkie*, No. 3:19-cv-2153-X-BN, 2020 WL 6746928 (N.D. Tex. Oct. 30, 2020),

*rec. accepted*, 2020 WL 6741651 (N.D. Tex. Nov. 17, 2020); Dkt. Nos. 49, 51, 52, 53,

56, & 58 (denying Reed's out-of-time motion for leave to amend her complaint and

denying reconsideration of that decision); Dkt. No. 57 (concerning Reed's

unauthorized supplemental briefing).

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Reed's motion for summary judgment, grant the VA's motion for summary judgment, and dismiss this case with prejudice.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*,

140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to

properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in

any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

"[T]he traditional leniency afforded to a *pro se* plaintiff does not excuse [Reed] from her burden of opposing summary judgment through the use of competent

summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 246 (5th Cir. 2017) (per curiam) (citing *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.")). And, "[a]lthough courts should advise *pro se* [parties] of procedural rules," *Brown v. Megg*, 857 F.3d 287, 289 n.1 (5th Cir. 2017) (citing *Davis*, 798 F.3d at 293-94), the United States Court of Appeals for the Fifth Circuit "has held that they need not be given additional notice of the consequences of a summary judgment motion and the right to submit opposing affidavits as the notice given by Rule 56 and the local rules suffices," *id.* (citing *Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992)).[1]

That said, the verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

---

[1] *See also Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) ("[T]here is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.").

- 7 -

### Analysis

Reed's paying the filing fee prevented the Court's screening of her *pro se* complaint prior to service on the VA. The allegations in the complaint are few, some three sentences. *See* Dkt. No. 3 at 1. Reed specifically alleges that she is suing the VA "for Termination of Excepted Appointment for Failure to Maintain Current Licensure or Certification" and attaches to her complaint an April 1, 2016 letter from the VA, "SUBJ: Termination of Excepted Appointment for Failure to Maintain Current Licensure or Certification." *Id.* at 1-2. But she also attached to her complaint an April 6, 2016 complaint of employment discrimination, a decision from the VA's Office of Employment Discrimination Complaint Adjudication denying her claims of disability discrimination, an order affirming that decision, and an order denying reconsideration of that affirmance. *See id.* at 3-51.

Liberally construing Reed's complaint, the undersigned will address both the wrongful termination claim that she specifically alleges and the disability discrimination and retaliation claims that she seems to have exhausted through administrative remedies with the VA insofar as the Federal Rules of Civil Procedure "provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes.'" *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) (quoting Fed. R. Civ. P. 10(c)).

First, Reed provides no evidence that the wrongful termination claim she makes – that the VA wrongfully decided that she lacked a current registered nurse license on April 1, 2016 – is a recognized federal cause of action. Although Reed

argues, in response to the VA's motion for summary judgment, that 42 U.S.C. § 1983 provides a cause of action, *see* Dkt. No. 45 at 19, that provision of law only applies to state action. And, while *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), affords a cause of action against federal actors that mirrors but is not "'the substantial equivalent of [Section] 1983,'" *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017) (citation omitted), "[a] *Bivens* action does not lie against federal agencies or the United States, which possess sovereign immunity; such actions may be brought only against named federal officers or agents in their personal capacity," *Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) (citing *FDIC v. Meyer*, 510 U.S. 471, 483-86 (1994)).

For these reasons, the Court should grant the VA summary judgment on Reed's wrongful termination claim as alleged and dismiss that claim with prejudice.

And, insofar as Reed has exhausted claims of disability discrimination and retaliation,[2] and those claims are incorporated into her operative complaint through its attachments, the Court should grant the VA summary judgment on these claims.

---

[2] *See Pedregon v. Wolf*, Civ. A. No. 20-512, 2020 WL 6146169, at *1 (E.D. La. Oct. 20, 2020) ("Title 42 § 2000e-16(c) permits most federal employees to seek relief in federal court from unlawful employment practices. As in other Title VII cases, a federal employee must first exhaust her administrative remedies by filing a charge of discrimination with the EEO division of the employing agency." (citing *Pacheco v. Mineta*, 448 F.3d 783, 787-88 (5th Cir. 2006)); *Davis v. Brennan*, No. 3:17-cv-1002-M-BH, 2020 WL 2106351, at *2 (N.D. Tex. Apr. 6, 2020) ("The Rehabilitation Act provides 'the exclusive remedy for a federal employee alleging disability-based discrimination.' [But, b]efore a federal employee can file suit in federal court for discrimination under Title VII and the Rehabilitation Act, he must exhaust his administrative remedies." (quoting *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir.

As a federal employee, Reed may bring her disability-based claims under only the Rehabilitation Act, not the Americans with Disabilities Act, as the Rehabilitation Act "is the exclusive remedy for federal employees." *Cavada v. McHugh*, 589 F. App'x 717, 718 (5th Cir. 2014) (per curiam) (footnote omitted); *see also Higbie v. Kerry*, 605 F. App'x 304, 307 (5th Cir. 2015) (per curiam) ("[T]he ADA excludes the United States from its definition of an employer, so the ADA is also unavailable to Higbie, a federal employee." (citing 42 U.S.C. § 12111(5)(B)(i); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003))). Even so, "in this Circuit the substantive protections of the Rehabilitation Act and the ADA are the same." *Cavada*, 589 F. App'x at 718 n.3 (citations omitted); *see also Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (observing that the Rehabilitation Act is operationally identical to the ADA, in that both statutes address discrimination against those with disabilities).

Because Reed offers no direct evidence of disability discrimination or retaliation, she may "proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973), a Title VII case." *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2015) (citing *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013)). Under this analysis, Reed must first establish a prime facie case of discrimination or retaliation, as applicable. If she succeeds, the VA must articulate a legitimate nondiscriminatory or nonretaliatory

---

2008) (per curiam) (citing, in turn, 29 U.S.C. § 701 *et seq.*), then citing *Green v. Brennan*, 136 S. Ct. 1769, 1775 (2016) (citing, in turn, 42 U.S.C. § 2000e–16(c)); *Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998; footnote omitted)), *rec. accepted*, 2020 WL 2104227 (N.D. Tex. Apr. 30, 2020) (observing that "failure to exhaust is a condition precedent rather than a jurisdictional prerequisite").

reason for its employment action. And the burden ultimately shifts back to Reed to show that the VA's reason is pretextual. *See, e.g.*, *Cavada*, 589 F. App'x at 719 (discrimination under the Rehabilitation Act); *Higbie*, 605 F. App'x at 307-08 (retaliation under the Rehabilitation Act).

A prima facie case of disability discrimination "requires: (1) that the plaintiff has a disability; (2) that he was qualified for the job; and (3) that the employer's adverse employment decision was a result of his disability." *Diggs v. Burlington N. & Santa Fe Ry. Co.*, 742 F. App'x 1, 3 (5th Cir. 2018) (per curiam) (ADA) (citing *LHC Grp.*, 773 F.3d at 694). Similarly, "[a] prima facie claim for failure to accommodate requires that: '(1) the plaintiff is a "qualified individual with a disability"; (2) the disability and its consequential limitations were "known" by the covered employer; and (3) the employer failed to make "reasonable accommodations" for such known limitations.'" *Credeur v. La. Through Office of Atty. Gen.*, 860 F.3d 785, 792 (5th Cir. 2017) (ADA) (quoting *Neely*, 735 F.3d at 247). And, "to make out a prima facie case [of retaliation], a plaintiff must establish that '(1) he participated in an activity protected by the Rehabilitation Act; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action.'" *Higbie*, 605 F. App'x at 307 (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir.2007) (per curiam); original brackets omitted).

"In the Rule 56 context, a prima facie case … plus a showing that the proffered reason is pretextual is typically enough to survive summary judgment." *LHC Grp.*,

773 F.3d at 694 (citation omitted). But "[a] plaintiff relying on circumstantial evidence must marshal competent summary judgment evidence to present a prima facie case" and, ultimately, "must then create a genuine issue of material fact that [an employer's] reasons are merely pretextual." *Cavada*, 589 F. App'x at 719 (citation omitted).

Here, even if Reed can establish a prima facie case as to her disability-based claims, she admitted at her deposition that the VA told her that she was being terminated for not maintaining her Texas nursing license. *See* Dkt. No. 36 at 29:14-33:5; *see, e.g.*, *id.* at 32:1-6 ("A. What I'm claiming in the lawsuit is, my lawsuit is based on the fact of what she terminated me on. Q. Uh-huh. A. So she chose. She didn't choose to terminate me on disability. She just blank and just up and terminated me because she said my license were expired.").

And, as the VA correctly explains in its final brief, in the context of the discrimination claim, "even if the VA was wrong about Reed's licensure lapse (it wasn't), the VA is still entitled to summary judgment because the VA reasonably believed in good faith that Reed had no RN license on April 1, 2016. Thus, there is no evidence (let alone substantial evidence) that the stated reason for Reed's termination – lack of licensure – was mere pretext for discrimination." Dkt. No. 47 at 17; *see Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016) ("In response to a motion for summary judgment, an employee must present 'substantial evidence' that the employer's legitimate, nondiscriminatory reason for termination is pretextual. Pretext is established 'either through evidence of disparate treatment or

by showing that the employer's proffered explanation is false or "unworthy of credence."' … [But 'm]anagement does not have to make proper decisions, only non-discriminatory ones.'" (citations omitted)).

The Court should also deny Reed's motion for summary judgment in her favor. As shown above, she has not demonstrated that she is entitled to summary judgment on her claims as a matter of law. Her motion is therefore "insufficient under 'the heavy "beyond peradventure" standard to obtain summary judgment on [claims] as to which [she would] have the burden of proof at trial.'" *Cont'l Cas. Co.*, 2007 WL 2403656, at *10 (citation omitted).

## Recommendation

The Court should grant the motion for summary judgment filed by Defendant U.S. Secretary of Veterans Affairs [Dkt. No. 34], deny Plaintiff Vanessa Reed's motion for summary judgment [Dkt. Nos. 41, 37], and dismiss Reed's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 26, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE