IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANESSA REED, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-02153-X-BN |
| | § | |
| DAT P. TRAN, Acting Secretary, | § | |
| U.S. Department of Veterans Affairs, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Motions for Summary Judgment from both the plaintiff and the defendant. [Doc. Nos. 34, 41]. The United States Magistrate Judge made Findings, Conclusions, and a Recommendation regarding both motions. [Doc. No. 59]. The plaintiff filed objections. [Doc. No. 60]. And having reviewed the findings, conclusions, and recommendation of the Magistrate Judge thoroughly, the Court **ACCEPTS** them.

I. Facts

The plaintiff, Vanessa Reed, formerly worked as a nurse for the Department of Veteran Affairs. After the Department terminated her employment, Reed filed a pro se action against the secretary of the Department alleging wrongful termination. She also attached several documents to her complaint to support her claim of disability discrimination. Both parties moved for summary judgment, and the

magistrate judge recommended that the Court grant the defendant's motion and deny Reed's.

## II. Standard of Review

Because Reed objected to the magistrate judge's findings, this Court reviews them de novo.[1] The Court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A fact is material if resolving it could alter the outcome of the action.[3] And an dispute is genuine if, after considering the evidence presented, a reasonable factfinder could return a verdict favoring the nonmovant.[4] When determining whether a genuine dispute of material fact exists, the Court draws all inferences in the light most favorable to the nonmovant.[5]

## III. Analysis

The Court must determine whether a reasonable factfinder could return a verdict for Reed on either her wrongful termination claim or her disability discrimination claim. To do so, the Court will examine each in turn.

---

[1] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

[2] FED. R. CIV. P. 56(a).

[3] *See Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003).

[4] *See Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

[5] *Id.*

A.     Wrongful Termination

In its landmark *Bivens* decision, the Supreme Court held that private citizens could sue federal agents in their individual capacity.[6] But the Court recently expressed reluctance to expand *Bivens*' holding past the search and seizure context.[7] This is not a search or seizure case. Moreover, there is no statutory law that allows section 1983 claims against federal officials. Section 1983 provides a remedy against state officials and private actors.

Accordingly, the Court therefore finds no genuine dispute of material fact regarding Reed's cause of action for wrongful termination because Reed has none. The defendant is entitled to judgment as a matter of law on Reed's wrongful termination claim under section 1983.

B.     Disability Discrimination

Reed presents several documents as attachments to her complaint that the Court construes as an attempt to state a claim under the Rehabilitation Act, which protects federal employees from disability discrimination.[8] "A plaintiff alleging

---

[6] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *see also FDIC v. Meyer*, 510 U.S. 471, 483–86 (1994),

[7] *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017).

[8] *Cavada v. McHugh*, 589 F. App'x 717, 718 (5th Cir. 2014) (per curiam) (calling the Rehabilitation Act "the exclusive remedy for federal employees").

disability discrimination can either provide direct evidence of the discrimination or rely on the *McDonnell Douglas* burden-shifting framework."[9]

Reed does not offer direct proof of the discrimination she alleges, so the Court will analyze her claims under the *McDonnell Douglas* framework. First, the plaintiff must show a prima facie case of discrimination.[10] Then the burden shifts to the employer, who must "articulate some legitimate, nondiscriminatory reason for the employee's rejection."[11] If the employer can do so, the burden shifts back to the plaintiff, who must show the reason the employer gave is pretextual or "that the employee's disability was a substantial motivating factor in the decision."[12]

To formulate a prima facie case of disability discrimination under the Rehabilitation Act, Reed must show (1) that she has a disability, (2) that she was otherwise qualified, (3) that she worked for a federally-funded program, and (4) that her adverse treatment resulted solely from her disability.[13] But Reed does not make this showing. Reed does not allege any facts that would suggest a causal link between her alleged disability and the termination of her employment. Instead,

---

[9] *Diggs v. Burlington N. & Santa Fe Ry. Co.*, 742 F. App'x 1, 3 (5th Cir. 2018).

[10] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[11] *Id.*

[12] *Diggs*, 742 F. App'x at 3.

[13] *See Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir. 1993).

Reed admitted at her deposition that the Department of Veteran Affairs terminated her because the Department believed her nursing license had expired.[14]

Because Reed's complaint does not satisfy the requisite elements of a prima facie case of disability discrimination under the Rehabilitation Act, the Court need not proceed to the second burden-shifting step. Even when the Court draws all reasonable inferences in Reed's favor, there is no genuine dispute of material fact that the Department terminated Reed's employment not due to her disability, but due to the Department's good-faith belief that Reed's license had expired. The defendant should receive judgment as a matter of law on this point too.

## IV.   Conclusion

The Court hereby accepts the Findings, Conclusions, and Recommendation of the Magistrate Judge. And the Court therefore **GRANTS** the defendant's Motion for Summary Judgment, **DENIES** the plaintiff's Motion for Summary Judgment, and **DISMISSES WITH PREJUDICE** all the plaintiff's claims.

**IT IS SO ORDERED** this 19th day of March, 2021.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[14] Doc. No. 36 at 32("She didn't choose to terminate me on disability. She just blank and just up and terminated me because she said my license were expired.").